

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA   FILED

**'08 MJ 1348**   08 APR 30  AM 9: 27

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Daniel CRUZ-Escobar**<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Magistrate Docket No.

Case No. _____

COMPLAINT FOR VIOLATION OF: DEPUTY
**Title 18 USC, Section 922(g)(5) – Alien**
Unlawfully in Possession of Ammunition;

The undersigned complainant, being duly sworn, states:

On April 29, 2008, within the Southern District of California, defendant Daniel Cruz-Escobar, an non-immigrant alien, did knowingly possess ammunition that traveled in and affected interstate commerce; in violation of Title 18 United States Code, Section 922(g)(5).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT

**SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS THE $30^{a}$ DAY OF APRIL, 2008.**

UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

On April 29, 2008, Border Patrol Agents from the San Diego Sector Smuggling Interdiction Group were participating in a joint outbound operation with Customs and Border Protection (CBP) Officers assigned to the San Ysidro, California Port of Entry. The Border Patrol agents established an inspection location approximately 50 feet from the entrance into Mexico. Additionally, the location of the inspection point was such that it allowed for only persons intending to exit the United States into Mexico to be encountered. At approximately 1:10 PM, Border Patrol Agent B. Desrosiers identified an individual, (hereinafter Defendant) preparing to exit from the United States into Mexico via pedestrian exit lane located on the western side of the San Ysidro Port of Entry. Agent Desrosiers stated that he observed the Defendant behaving in a suspicious manner. Agent Desrosiers explained that the Defendant was hesitant in approaching the outbound inspection point and on at least two occasions walked towards the inspection area and subsequently declined to exit the United States into Mexico. Agent Desrosiers also stated that he observed the Defendant stop and look back at the inspection area on several occasions. Lastly, Agent Desrosiers said that he observed the Defendant speak with other unidentified individuals; following the Defendant's conversations with said unidentified individuals, the Defendant sat down approximately 40 yards from the inspection area.

After relaying his observations to other Border Patrol agents, Supervisory Border Patrol Agent D. Dailey approached the Defendant, suspecting that the Defendant was involved in smuggling. Agent Dailey identified himself to the Defendant and conducted an immigration inspection. The Defendant that stated he was a citizen of Mexico and presented a valid DSP-150 Laser Visa (Border Crosser card), indicating that he was admitted to the United States as a Non-Immigrant alien. The Defendant was then questioned as to his intended destination. The Defendant stated he was going to Mexico. Agent Dailey then asked the Defendant what was in his bags, to which the Defendant provided no response, only a shoulder shrug. Agent Dailey noticed the Defendant becoming visibly nervous and agitated and subsequently conducted a pat-down for officer safety reasons. During the pat-down agents discovered two boxes of Winchester 12 gauge shotgun ammunition. The ammunition was discovered concealed in the Defendant's socks. Additionally, the ammunition located on the Defendant was manufactured by Winchester in East Alton, Illinois; indicating the ammunition traveled in or affected interstate commerce. The Defendant was placed under arrest for violation of Title 18 United States Code § 922(g)(5) Alien Unlawfully in Possession of Ammunition.

Following his arrest and after being advised of his Miranda rights, the Defendant stated that he was a citizen and national of Mexico. The Defendant stated that he is currently a visitor in the United States, having been granted a Border Crosser card. The Defendant stated that on April 29, 2008, he entered the United States from Mexico with the intention of purchasing ammunition. The Defendant stated that he entered the United States afoot and immediately proceeded to the location where he purchased two boxes of shotgun ammunition, totaling ten rounds. The Defendant stated that after purchasing the ammunition he intended to return to Mexico with the ammunition. The Defendant added that he intended to sell the ammunition to associates in Mexico for a profit. The Defendant stated that he hid the ammunition in his socks because he observed the inspection and did not want to be caught. The Defendant admitted that he knew it was illegal for a non-immigrant alien to possess a firearm and/or ammunition in the United States. The Defendant also stated that he knew it was illegal to export ammunition from the United States. Moreover, the Defendant admitted that he did not possess a license to export ammunition as required by law. Additionally, the Defendant admitted that he was a member of the Mexican military; however, the Defendant stated that he was not on official government business when attempting to export the ammunition from the United States. The Defendant was then asked if he was permitted by Mexican law to possess ammunition while in Mexico, to which he replied "no."

The Defendant was further questioned about his history of ammunition smuggling. The Defendant admitted to having smuggled ammunition from the United States into Mexico on at least 50 previous occasions. Furthermore, agents discovered three receipts in the Defendant's baggage. The Defendant identified one receipt as being proof of his purchase of ammunition on April 29, 2008. The Defendant added that the other two receipts were proof of previous ammunition purchases he made, which resulted in the ammunition being smuggled from the United States into Mexico. Lastly, agents discovered a document in the Defendant's baggage which appeared to be a price list for various types of ammunition. The Defendant stated that the document was in fact a price list for the various types of ammunition he acquired. The Defendant further explained that the price list was the cost with his profit included.